LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Plaintiff Horia Said

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>HORIA SAID<br><br>Debtor<br><br>HORIA SAID<br><br>Plaintiff<br><br>v.<br><br>VRINDERPAUL S. MANN<br><br>Defendant | Case No.: 18-40252-WL<br><br>AP No.:<br><br>CHAPTER 13<br><br>**ADVERSARY PROCEEDING FOR PREFERENCE** |

COMES NOW Plaintiff HORIA SAID and alleges as follows:

///

///

///

## GENERAL ALLEGATIONS

1. Plaintiff commenced the instant bankruptcy case by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division on Jan. 30, 2018.

2. This is an adversary proceeding to set aside an abstract of judgment lien within 90 days of the filing of the bankruptcy petition.

3. This Court has jurisdiction to hear these proceedings pursuant to 28 USC § 1334. This is a core proceeding pursuant to 28 USC §157 because it involves substantive rights of the debtors.

4. Plaintiff was the record owner of the family residence at 4597 Deep Creek Rd. Fremont, CA ("Family Residence) since its acquisition on June 30, 2006.

5. On Oct. 5, 2017, before entry of judgment, the Family Residence was transferred to Asmatullah Said, her spouse. Notwithstanding the transfer, Plaintiff retained a community property interest in the Family Residence which is property of the estate.

## SPECIFIC ALLEGATIONS

6. On Oct 10, 2017 judgement was entered against Defendant Horia Said in the Alameda County Superior Court case <u>Vrinderpaul S. Mann v Jawad Said, et al</u>., Case No. HG16802566 for $387,637 with prejudgment interest at 10% per annum from Oct. 30, 2015 through Oct. 4, 2017 of $74,871.00 plus post-judgment interest of $106.20/day. Additionally judgment was entered against Horia Said for $37,500 in punitive damages. In addition Herman Mann was awarded costs of suit. A true and correct copy of the judgment is attached hereto as Exhibit "1".

7. On Nov. 21, 2017 an abstract of judgment was recorded in Alameda County records as Document No. 2017-136017. A true and correct copy of the abstract of judgment is attached hereto as Exhibit "2".

**ADVERSARY PROCEEDING FOR PREFERENCE**

# FIRST CAUSE OF ACTION

## (PREFERENCE)

8. Plaintiff incorporates by reference Paragraphs 1 through 7 above.

9. Within 90 days prior to the filing of this bankruptcy petition, an abstract of judgment lien was recorded.

10. Such lien was created at a time when Plaintiff was insolvent.

11. 11 U.S.C. §101(54(D)) defines the term "transfer" to mean "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with-(i) property or (ii) an interest in property. The creation of the lien constitutes parting with an interest in property of the bankruptcy estate.

12. Pursuant to 11 U.S.C. §547 these filings and any rights they may have created are subject to set aside.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

a. For judgment setting aside the abstract of judgment rendering Vrinderpaul's claim totally unsecured.

b. For attorney fees, costs, and other damages, all according to proof at time of trial, and

c. For other such relief as the court may deem proper.

Respectfully submitted,


Dated: April 26, 2018

                          THE FULLER LAW FIRM, PC


By: __/s/ Lars T. Fuller_____
Lars T. Fuller
Attorneys for Plaintiff

**ADVERSARY PROCEEDING FOR PREFERENCE**